Kendall *v.* Kendall.

## NATHAN KENDALL *vs.* SAMUEL P. KENDALL.

Where three brothers entered into written articles of agreement not under seal, with a fourth, for the support of their parents, fixing the ratio of contribution by each; and therein providing for a new ratio, in case a fifth brother should be able and liable to pay; which was signed by all the five;—it was held that the fifth, though not named as one of the contracting parties, yet by his signature assented to the terms of the contract, and became liable, if able, to pay his proportion.

Held also, that such contract was upon sufficient consideration;—and that the ability and liability of the fifth brother might as well be tried in an action of *assumpsit* on this agreement, as by a complaint under *Stat.* 1821, *ch.* 122.

THIS was an action of *assumpsit*, in which the plaintiff demanded of the defendant thirty one dollars and twenty cents *per annum*, for two years and two months, as the stipulated compensation for his supporting his parents, as mentioned in a contract of the following tenor :—" Articles of agreement made and concluded the fifteenth day of *March*, in the year of our Lord one thousand eight hundred and twenty six, by and between *Nathan Kendall*, of *Searsmont*, in the county of *Hancock*, of the one part, and *George Kendall*, *Charleville Kendall*, and *Thomas Kendall*, all of *Searsmont*, aforesaid, of the other part, witnesseth,—That the said *Nathan Kendall*, for the consideration hereinafter mentioned, hath agreed, and doth hereby covenant and agree to and with the said *George*, *Charleville* and *Thomas*, that he will keep, maintain and support our father, *Cheever Kendall*, and mother, *Dolly Kendall*, i. e. he will furnish and provide for said *Cheever* and *Dolly*, a suitable dwelling place and habitation, and comfortable and convenient food and clothing, and carefully attend to them both in sickness and in health, and if necessary provide for them suitable medical aid in case of sickness, and in every respect do for them as a child ought to do for their parents, during their natural lives, or the life of either of the survivers of them, and at their decease to cause them to be decently buried. And the said *George*, *Charleville* and *Thomas*, and each of them on their part have agreed, and do hereby covenant and agree to and with the said *Nathan* for the support and maintainance of said *Chee-*

*ver* and *Dolly*, to pay him the said *Nathan*, the three fourth parts of the sum of one hundred and fifty six dollars annually from the date of this instrument, that is to say, estimating the whole expense of supporting the said *Cheever* and *Dolly* at the above sum of one hundred and fifty six dollars, and at the death of either of them the said *Cheever* and *Dolly*, the one half of the above sum is to be estimated, as the expense of the survivor of them ; and if *Samuel P. Kendall* of *Hope*, in the county of *Lincoln*, is liable and able to pay, then such sum, whatever it may be, shall be divided equally among the four quarters of the said sum of one hundred and fifty six dollars. And in case of deficiency or inability of either of the said *George*, *Charleville* and *Thomas*, to pay their proportion of said sum of one hundred and fifty-six dollars, the said sum is to be divided among the remainder, few or many, in such a manner that the aforesaid *Nathan* is to bear his equal part of the expense of the support of the said *Cheever* and *Dolly* with the others who are able to pay, be it more or less ; that is, if the above sum is divided in parts between the said *Samuel*, *George*, *Charleville*, *Nathan* and *Thomas*, the several parts to be paid by the said *Samuel*, *George*, *Charleville*, and *Thomas* to the said *Nathan*, will be twenty-four dollars and eighty cents each ; and if by *George*, *Charleville* and *Thomas*, will be thirty-nine dollars each, to be paid by the said *George*, *Charleville* and *Thomas*, to the said *Nathan*; and so in the same ratio as above stated."

This contract was signed by all the parties, and lastly by the defendant ; whose legal liability under the contract was the only ground of defence. On this subject the Chief Justice, before whom the cause was tried, instructed the jury that the signature of the defendant amounted to an assent to the contract, as far as it related to him, as much as though he had been described in the writing in the usual manner as a party to it ;—that if they should find that the defendant had been and was able to contribute to the support of his parents, according to the contract, then the plaintiff was entitled to recover ;—and that in estimating the defendant's ability, they would consider all circumstances relating to that subject, from the date of the contract, up to the commencement of this action. The jury returned a verdict for the plaintiff, which was

Kendall *v.* Kendall.

taken subject to the opinion of the court, upon the correctness of those instructions.

*Ruggles,* for the defendant, took the several objections which are stated in the opinion of the court ; and he cited *Mills v. Wyman,* 3 *Pick.* 207 ; and 3 *Bos. & Pul.* 249, *note.*

*J. Thayer,* for the plaintiff.

MELLEN C. J. delivered the opinion of the Court in *Cumberland,* at the adjournment of *May* term, in *August* following.

Though the name of the defendant does not appear in the body of the instrument declared on, as one of the contracting parties, yet there is a provision in it that if liable and able to pay, he shall contribute a certain portion of the sum necessary to the support of his parents; and we are of opinion that the defendant, by signing the contract, assented to the terms of it, and, for the purposes of the present action, made himself a party to it, at least so far as conditional liability, in the manner and for the purposes therein expressed, extended. This disposes of the first objection to the verdict.

The second is that the promise was destitute of a consideration to support it. The answer is that *Nathan Kendall,* the plaintiff, agreed to support the parents, in consideration of which his brothers agreed to bear their proportion of the expense, and reimburse to him the stipulated amount. The very form of the contract shows a request on the part of the brothers to *Nathan* to maintain the parents ; and his engaging to incur this expense forms a good consideration. A disadvantage to the promisee or an advantage to the promissor is a legal consideration. The case of *Mills v. Wyman,* cited by the defendant's counsel does not oppose the principle just stated. No request on the part of the defendant was proved ; and the court say " there seems to be no case in which it has been nakedly decided that a promise to pay the debt of a son of full age, not living with his father, though the debt were incurred by sickness which ended in the death of the son, without a previous request by the father proved or presumed, could be enforced by action."

The third objection is that there was no proof that the parents were destitute. Surely the agreement in this case is proof of it, and so is the very defence of this action. Besides no such objection was made at the trial, and therefore the instructions of the judge could have had no relation to such a ground of defence. If the instructions were correct, there is to be judgment on the verdict.

The last objection is that this action is not the proper form of process for deciding the question of liability and ability; that by the terms of the contract, so far as they related to the defendant, he was under no obligation to contribute any proportion of the expense of maintenance of his parents, unless liable and able to pay; and that the Court of Common Pleas, by the *Stat.* 1821, *ch.* 122, *sec.* 5, has the exclusive jurisdiction in the determination of those questions. In support of this objection, also, the counsel relies on the before mentioned case of *Mills v. Wyman.* It must be remembered that there, no bargain had been made between the plaintiff and defendant, prior to the incurring the expense, which was the subject of the suit. There was no consideration for the father's promise. The plaintiff then resorted to the connexion between the father and son as showing such a statute liability, as that the law would on that ground imply a promise on the part of the father to pay the expense incurred for the relief of the son. Such doctrine was not sanctioned by the court. In the case at bar the plaintiff relies on and proves an express promise. And we are very clear that such a promise is not to be considered as void by reason of this objection, founded on our statute. The parties have entered into a fair and commendable contract for the comfortable support of their aged parents. It must be construed by common law principles; and by those principles the rights of one of the parties and the liabilities of the other must be conclusively decided.

*Judgment on the verdict.*